# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUSAN BASINGER, :
: Civil No. 1:08-CV-1545
    **Plaintiff** :
: (Chief Judge Kane)
v. :
:
WILLIAM WENTZ, <u>et</u> <u>al.</u>, :
:
    **Defendants** :

## MEMORANDUM

Pending before the Court is Defendant Haskell's motion to dismiss Plaintiff's complaint on the grounds that Defendant Haskell enjoys absolute judicial immunity to the claims. (Doc. No. 15.) For the reasons that follow, the motion will be granted.

## I.    BACKGROUND

In this action, Plaintiff makes a number of incendiary allegations against the City of York and York County and certain of its officials. Plaintiff alleges in extremely general fashion that these municipal entities are "racist" and that the officials of the entities "regularly engage[] in the vindictive and unlawful harassment of American citizens" with "[r]etaliation, unequal law enforcement, unlawful use of force by law enforcement officials and malicious prosecution" being "commonplace often for unlawful political and or [sic] racist reasons." (Compl. at 1.) In a similarly general way, Plaintiff avers that Defendant Haskell, a magisterial district judge, "grossly violated his duties and obligations as a judge." (<u>Id.</u> at 2) (emphasis added).

Plaintiff's allegations against Defendant Haskell, a magisterial district judge in York County, are found only in paragraph 14 of the complaint, in which she avers:

> The defendant Haskell is a District Justice (D.J.). Normally he would be entitled to judicial immunity. However, Haskell violated the plaintiff's rights, namely her right to petition for a redress of

> grievances, when he personally insisted that the plaintiff must plead guilty and was only deterred by the insistence of the plaintiff's local lawyer that he permit her to withdraw her plea. Insisting that a citizen plead guilty at the counter in a D.J.'s office, while no hearing was under way, is not a judicial function, but is rather an unlawful administrative function and as such is actionable i.e. [sic] Haskell was not, or had, no immunity. Further, by acting as an attorney and legal counselor Haskell removed himself from the extreme protections of judicial immunity as the law is currently written.

Compl. ¶ 14.) Although Plaintiff includes four separate counts in the complaint alleging that various of the defendants individually or collectively violated several of her constitutional rights, Plaintiff includes no count or claim for relief against Defendant Haskell.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).

The Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), has altered the standard of review for a motion to dismiss pursuant to Rule 12(b)(6). Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In construing the Rule 12(b)(6)

standard generally, the Court required the plaintiff to provide more than a formulaic recitation of a claim's elements that amounted to mere labels and conclusions. Twombly, 550 U.S. at 556. Additionally, the Court held that the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. The Third Circuit has held that this language in Twombly applies generally to all motions brought under Rule 12(b)(6) and summed up the Twombly standard as follows: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (internal quotations and citations omitted). After Twombly, it is still true that "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. at 232 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

### III. DISCUSSION

As noted, Plaintiff has brought no claims for relief against Judge Haskell. Instead, she has made allegations specifically against Judge Haskell only in paragraph 14 of the complaint, and these allegations would be insufficient to support a claim against Judge Haskell – had one been brought – because they are overly general, vague, and conclusory. See Twombly, 550 U.S. at 556; Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). But aside from the pleading deficiencies, Defendant Haskell enjoys absolute judicial immunity to the allegations against him. A judge is immune from claims for money damages for all acts taken in a judicial capacity. See

3

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) ("It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'") (quoting Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam)). Whether a function is "judicial" relates to the nature of the act itself, including whether it is a function that a judge typically performs. Id. at 362. Also relevant are the expectations of the parties and whether the parties perceived themselves to be interacting with the judge in a judicial capacity. Id. A judge will not forfeit his immunity "because the action he took was in error, was done maliciously, or was in excess of his authority." Id. at 356. Instead, the only instance in which a judge may be subject to liability is for actions taken "in the clear absence of all jurisdiction." Id. (citing Bradley v. Fisher, 13 Wall. 335, 351 (1872)). The United States Court of Appeals for the Third Circuit has made clear that judicial immunity applies equally "between judges of courts of limited and general jurisdiction." Figueroa, 208 F.3d at 441.

In Pennsylvania, magisterial district judges are granted jurisdiction to preside over arraignments, fix and accept bail, issue warrants, and pursue similar duties, "including the jurisdiction of a committing magistrate in all criminal proceedings." See 42 Pa. Cons. Stat. Ann. § 1515. Plaintiff has not contested Defendant Haskell's representation that he had jurisdiction to take a guilty plea in Plaintiff's criminal proceedings.

Regardless of Plaintiff's generalized and, in some cases, inconsistent descriptions of Judge Haskell's alleged conduct at the counter in his office, it is clear that the limited allegations relate exclusively to judicial actions. Defendant Haskell is alleged to have taken a guilty plea from Plaintiff at a counter in his office, rather than in a courtroom, and is alleged to have used forceful language during this process. This act, as alleged, is judicial in nature and Defendant

4

Haskell is immune from claims regarding his conduct in taking the plea. In opposing the motion to dismiss, Plaintiff attempts to add new allegations and to more carefully articulate her theory as to why judicial immunity should not attach, arguing that "under badge of state authority, . . . while specifically not performing any judicial function, there being no hearing convened, and no case underway, DJ Haskell assumed the role of an attorney advisor of sorts, discussing, or more correctly, speaking to the issues of [Plaintiff's] case in a very forceful way, he manipulated the plaintiff into signing a waiver of rights i.e. [sic] 'taking a plea'." This argument or augmentation of Plaintiff's original pleading does nothing to change the fact that Plaintiff's allegations against Judge Haskell arise entirely out of her entry of a guilty plea, which, in any event, she later withdrew. The nature of taking Plaintiff's plea was plainly judicial, and Judge Haskell is granted the jurisdiction of a "committing magistrate in all criminal proceedings." 42 Pa. Cons. Stat. Ann. § 1515. Accordingly, the allegations, even if proved, would not show Defendant Haskell to have acted in the clear <u>absence</u> of jurisdiction in taking Plaintiff's original plea. Moreover, even assuming that Judge Haskell acted erroneously or in excess of his authority, the result is no different because Judge Haskell had jurisdiction to take Plaintiff's plea and would therefore remain immune from this suit.

Case law within this circuit requires courts to grant plaintiffs leave to amend complaints alleging civil rights violations unless amendment would be futile. See <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007); <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004); <u>Shane v. Fauver</u>, 213 F.3d 113, 116 (3d Cir. 2000). In this case, the Court finds that leave to amend would be futile because, although extremely limited, the entire scope of the factual allegations against Judge Haskell relate to judicial actions he allegedly took within

the scope of his jurisdiction as authorized by statute. The Court cannot perceive a way in which Plaintiff could articulate a cognizable claim based upon the factual scenario alleged. Accordingly, Defendant Haskell's motion will be granted with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has failed to state a claim against Defendant Haskell upon which relief can be granted. Moreover, the Court finds that even if Plaintiff had brought a claim against Defendant Haskell it would be barred under the doctrine of absolute judicial immunity because the allegations relate exclusively to actions alleged to have been taken in Defendant Haskell's capacity as a magisterial district judge. The Court also concludes that Plaintiff should not be granted leave to amend the complaint because amendment would be futile. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSAN BASINGER,** : | |
| : | **Civil No. 1:08-CV-1545** |
| **Plaintiff** : | |
| : | **(Chief Judge Kane)** |
| v. : | |
| : | |
| **WILLIAM WENTZ, et al.,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 29th day of April 2009, upon consideration of Defendant Haskell's motion to dismiss Plaintiff's claims (Doc. No. 15), and the Court finding good cause therefor, and for the reasons fully set forth in the memorandum filed herewith, IT IS HEREBY ORDERED THAT the motion to dismiss is GRANTED.

                                           S/ Yvette Kane
                                           Yvette Kane, Chief Judge
                                           United States District Court
                                           Middle District of Pennsylvania