# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN BASINGER, : | |
| : | Civil No. 1:08-CV-1545 |
| Plaintiff : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| WILLIAM WENTZ, <u>et</u> <u>al.</u>, : | |
| : | |
| Defendants : | |

## MEMORANDUM

Pending before the Court is a motion to dismiss Plaintiff's complaint filed by Defendants William Graff, Karen Comery, and Timothy Barker (collectively, "Defendants") on the grounds that as assistant district attorneys they enjoy absolute prosecutorial immunity from Plaintiff's claims. (Doc. No. 19.) Plaintiff filed a brief in opposition to Defendants' motion. (Doc. No. 25.) Defendants did not file a reply brief. Upon consideration, the motion will be granted and Plaintiff will be afforded leave to amend her complaint.[1]

## I.   BACKGROUND

In this action, Plaintiff makes a number of incendiary allegations against the City of York and York County and certain of its officials. Plaintiff alleges in extremely general fashion that these municipal entities are "racist" and that the officials of the entities "regularly engage[] in the vindictive and unlawful harassment of American citizens" with "[r]etaliation, unequal law enforcement, unlawful use of force by law enforcement officials and malicious prosecution" being "commonplace often for unlawful political and or [sic] racist reasons." (Compl. at 1.)

Included among the defendants in this action are Defendants Karen Comery, Timothy

---

[1] During a conference call on April 27, 2009, Plaintiff's counsel advised the Court of his intention to seek leave to file an amended complaint in order to add parties and claims.

Barker, and William Graff, all of whom are assistant district attorneys in York County. Plaintiff's allegations against these particular defendants are general in nature, and consist of the following, all of which the Court must accept as true for purposes of deciding the pending motion to dismiss:

- Plaintiff avers that the Defendants engaged in "irresponsible and dishonest law enforcement activities." (Compl. ¶ 1.)

- Plaintiff alleges that Defendant Comery "knowingly advised police officers (specifically William Wentz) on unlawful criminal prosecutions (which Wentz also knew were unlawful) of the plaintiff" and that Comery "assisted in the bringing of charges devoid of probable cause and not supported by any facts[.]" (Compl. ¶ 10.)

- Plaintiff alleges that Defendants Comery, Barker, and Graff "pursued" baseless charges against Plaintiff for over a year before they were brought. (Compl. ¶ 11.)

- Plaintiff alleges that Defendants Barker and Graff "knowingly worked alongside of the defendant Comery and assisted in the unlawful harassment of the plaintiff knowing that there was no case in law or fact against her." Plaintiff maintains that by doing so, Barker and Graff violated her 1st, 4th, and 14th Amendment rights. Plaintiff claims that Barker and Graff "further misused the criminal process" by "bringing baseless, fraudulent, and in all ways false criminal complaints" that were later dismissed. (Compl. ¶ 12.)

- Plaintiff alleges that Defendant Comery assisted in the bringing of "baseless charges" against her in April 2007, and that Defendant Comery has admitted that she advised Defendant Wentz on the charges "when she was given an opportunity to withdraw them but refused." (Compl. ¶ 28.)

- Plaintiff alleges that at Plaintiff's trial, Defendant Barker offered to allow her to plead guilty to a summary disorderly conduct charge in exchange for dismissing all other misdeanor and summary offense charges against her. (Compl. ¶ 31.)

- Plaintiff alleges that she and others overheard Defendants Graff and Barker "openly admit[] that they had no case against the plaintiff" and that they threatened Plaintiff's common-law husband and one of his business associates with future criminal actions. (Compl. ¶ 34.)

- Plaintiff alleges that Defendants Comery and Barker later brought charges against Plaintiff's husband and business associate, which terminated in their favor

2

        because they were "totally baseless." (Id.)

- Finally, Plaintiff alleges that Defendants engaged in "unlawful" actions that were "cooperatively pursued" in violation of Plaintiff's right to be free from malicious prosecutions, unlawful arrests, and "unlawful seizures of the person." Plaintiff alleges, "[u]pon information and belief" that the "bogus criminal actions" against her "resulted from the cooperation of these individuals working together (along with other defendants) as well as other unknown persons[.]" (Compl. ¶ 35.)

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).

The Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), has altered the standard of review for a motion to dismiss pursuant to Rule 12(b)(6). Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In construing the Rule 12(b)(6) standard generally, the Court required the plaintiff to provide more than a formulaic recitation of a claim's elements that amounted to mere labels and conclusions. Twombly, 550 U.S. at 556. Additionally, the Court held that the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. The Third Circuit has held that this language in

Twombly applies generally to all motions brought under Rule 12(b)(6) and summed up the Twombly standard as follows: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (internal quotations and citations omitted). After Twombly, it is still true that "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. at 232 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

### III. DISCUSSION

#### A. Pleading Deficiencies

Upon review of the complaint the Court finds it impossible to discern precisely what claims Plaintiff is advancing against the three assistant district attorneys. It appears that Plaintiff may be alleging that these parties engaged in a conspiracy to violate certain of her civil rights; at other places it seems that Plaintiff is asserting a claim for malicious prosecution against one or more of these defendants. The complaint is, throughout, excessively general and devotes considerably more time to making sweeping, conclusory legal statements condemning Defendants than it does explaining clearly what claims are being advanced and against whom. Notwithstanding that notice pleading is valid under the Federal Rules of Civil Procedure, this standard does not mean that when reviewing a motion to dismiss a court is "bound to accept as true [] legal conclusion[s] couched as factual allegation[s]." Papasan v. Allain, 478 U.S. 265,

4

286 (1986). Review of the complaint in this case reveals it to be long on legal conclusions and short on factual allegations in support of Plaintiff's claims.

In opposing Defendants' motion to dismiss, Plaintiff does not adequately represent what is required of her at the pleading stage under current federal law. For example, Plaintiff relies on Conley v. Gibson, 355 U.S. 41 (1957), for the proposition that a court must not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." (Doc. No. 27, at 6-7.) In 2007, after finding that this familiar language in Conley had been "questioned, criticized, and explained away long enough," Twombly, 550 U.S. at 562, the Supreme Court held that the "no set of facts" language has "earned its retirement" and is "best forgotten as an incomplete, negative gloss on an accepted pleading standard[,]" id. at 563. The Supreme Court clarified that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and requires that Plaintiff provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555. In this case, Plaintiff has not provided sufficient factual allegations against Defendants to withstand a motion to dismiss.

Notwithstanding that the Court finds Plaintiff's complaint fails adequately to state a claim, case law within this circuit requires courts to grant plaintiffs leave to amend complaints alleging civil rights violations unless amendment would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). Accordingly, Plaintiff will be granted 30 days from the date of the entry of the Court's order to file an amended

complaint against Defendants.

### B. Absolute Prosecutorial Immunity

Defendants argue that they enjoy absolute prosecutorial immunity from Plaintiff's claims. A prosecutor bears a "heavy burden" when seeking to establish entitlement to absolute immunity. See Light v. Haws, 472 F.3d 74, 80-81 (3d Cir. 2007) (quoting Forsyth v. Kleindienst, 599 F.2d 1203, 1212 (3d Cir. 1979). The Third Circuit has explained that in light of the Supreme Court's sparing recognition of absolute immunity to § 1983 liability, courts should begin with the presumption that qualified immunity rather than absolute immunity is appropriate. Carter v. City of Phila., 181 F.3d 339, 355 (3d Cir. 1999) (citing Burns v. Reed, 500 U.S. 478, 486-87 (1991)). In this case, Defendants have argued only that prosecutorial immunity applies; they do not argue alternatively for application of qualified immunity principles.

In order to overcome the presumption that absolute immunity does not apply, a prosecutor must demonstrate that she was functioning as the state's advocate when performing the actions that are the subject of the action. See Yarris v. County of Delaware, 465 F.3d 129, 136 (3d Cir. 2006). The focus is on "the nature of the function performed, not the identity of the actor who performed it." Light, 472 F.3d at 78 (quoting Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001). Under this "functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or 'quasi-judicial' capacity." Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008). Stated somewhat differently, absolute immunity will attach to actions "intimately associated with the judicial phases of litigation, but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." Id. (citing Giuffre v. Bissell, 31 F.3d 1241, 1251 (3d Cir. 1994); see also Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Yarris,

6

465 F.3d at 137 (where prosecutor's role as an advocate had not yet begun, or where it had concluded, absolute immunity does not attach).

In analyzing whether prosecutorial immunity applies in a given case, the Third Circuit has instructed courts to focus on the "unique facts of each case" and has stated that the analysis requires "careful dissection of the prosecutor's actions." Odd, 538 F.3d at 208. Accordingly, the Third Circuit has "rejected bright-line rules that would treat the timing of the prosecutor's action (e.g. pre- or post-indictment, or its location (i.e. in- or out-of-court), as dispositive." Id. However, these considerations are relevant to the extent they bear upon the nature of the function the prosecutor was performing. Id.

Because the Court has already found that the complaint is deficient in terms of its allegations, and because Plaintiff will be given leave to amend the complaint, the Court will refrain from analyzing in depth Defendants' arguments regarding prosecutorial immunity. Nevertheless, the Court finds it appropriate to note that with respect to the complaint as filed, Defendants have persuasively shown that prosecutorial immunity would have applied to some of the claims, whereas with some others they have not – though this may be in part due to the fact that Plaintiff has offered little to no specificity regarding certain of the allegations.

Some of the claims clearly relate to activities Defendants are alleged to have undertaken in their roles as prosecutors. For example, Plaintiff claims that Defendants Barker and Graff "misused the criminal process" by "bringing baseless, fraudulent, and in all ways false criminal complaints" that were later dismissed. (Compl. ¶ 12.) Similarly, Plaintiff alleges that Defendant Comery assisted in the bringing of "baseless charges" against her in April 2007, and that Defendant Comery has admitted that she advised Defendant Wentz on the charges "when she

7

was given an opportunity to withdraw them but refused." (Compl. ¶ 28.) In yet another paragraph, Plaintiff appears to be asserting a claim against Defendant Graff because he offered her a plea deal during her ongoing criminal proceedings. (Compl. ¶ 31.) Even though these claims are pleaded without specificity, they do allege that Defendants violated Plaintiff's rights by <u>bringing</u> criminal charges against her or otherwise functioning as prosecuting attorneys during ongoing judicial proceedings, and Defendants are absolutely immune from claims predicated on these prosecutorial activities.

With respect to other allegations against Defendants, it is less clear that absolute immunity applies. For example, Plaintiff alleges that Defendants Comery, Barker, and Graff "pursued" baseless charges against Plaintiff for over a year before the charges were brought. (Compl. ¶ 11.) What actions were undertaken during this alleged pursuit of allegedly baseless charges is not explained in the complaint, but it may be that Plaintiff will be able to provide sufficient factual allegations to show that this claim relates to administrative or investigative acts rather than prosecution. <u>See</u> <u>Yarris</u>, 465 F.3d at 138-39 (finding that qualified – rather than absolute – immunity applied where it was not clear from the complaint "whether the fabrication of Yarris's confession occurred during the preliminary investigation of an unsolved crime" or "after the [prosecutors] decided to indict Yarris and had begun working as the state's advocates.").[2]

The Court will not undertake an examination of each of the separate allegations against

---

[2] It is even less clear how Plaintiff has standing to assert certain other claims. For example, Plaintiff alleges that Defendants Graff and Barker threatened to bring criminal actions against Defendant's common-law husband and one of his business associates, both of whom prevailed when the claims were later brought because the charges were "baseless". (Compl. ¶ 34.) The complaint does not articulate how Plaintiff was injured by this alleged conduct.

8

Defendants to determine which may be subject to absolute immunity because Plaintiff will be granted leave to amend the complaint to cure the pleading deficiencies identified.  Defendants may move again for dismissal upon the filing of the amended complaint if they believe such a motion is warranted.  An order consistent with this opinion follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN BASINGER, | : |
| | :    Civil No. 1:08-CV-1545 |
| **Plaintiff** | : |
| | :    (Chief Judge Kane) |
| v. | : |
| | : |
| WILLIAM WENTZ, et al., | : |
| | : |
| **Defendants** | : |

## ORDER

AND NOW, this 15th day of June 2009, upon consideration of the motion to dismiss (Doc. No. 19) filed by Defendants Karen Comery, William Graff, and Timothy Barker (collectively, "Defendants"), and the Court finding that Plaintiff's complaint fails adequately to state a claim upon with relief can be granted against Defendants, and for the additional reasons set forth in the Court's memorandum filed herewith, IT IS HEREBY ORDERED THAT Defendants' motion is GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff shall be granted leave to file an amended complaint against Defendants within 30 days from the date of this order.

                                               S/ Yvette Kane
                                               Yvette Kane, Chief Judge
                                               United States District Court
                                               Middle District of Pennsylvania